UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-7171

ADRIAN T. EAGLIN,

Plaintiff - Appellant,

v.

MCCALL, Sergeant,

Defendant - Appellee,

and

LARRY CARTLEDGE, Warden; FLORENCE MAUNEY, Assistant Warden; CURTIS EARLLY; RICHARD TURNER; WILLIAMS, Captain; VERNON MILLER, Captain; SUSAN DUFFY, Captain; SPRINGS, Captain; KEVIN HORN, Lieutenant; WESSINGER, Lieutenant; THURBER, Sergeant; DANIEL COTTER, Sergeant; PALMER, Sergeant; BLACKBURN, Sergeant; RAGLAND, Sergeant; VALERO, Sergeant; CHRISTOPHER T. DILLARD, Correctional Officer; GARDNER, Correctional Officer; N. MORGAN, Correctional Officer; BOATWRITE, Correctional Officer; R. MARTIN, #053630, Correctional Officer; LUVETT, Correctional Officer; BROWN, Correctional Officer; MERCK, Correctional Officer; HAGAN, Investigator; C. HINDENBURG, II, G.C.; NANCY MURCHANT, Mail Clerk; TAMARA CONWELL, Mail Clerk; BENJAMIN LEWIS, Doctor; AME ENLOE, Nurse Practitioner; MATHEW L. HARPER, Nurse Administrator; KATHERINE W. BURGESS, Nurse; LINDSEY HARRIS, Nurse; DAWN R. CHASE, Nurse; SERGEANT FISH, Sergeant; BRYANT STERLING; BRYAN DEGEOGIS; CASHWELL, Lieutenant,

Defendants.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill. Paige Jones Gossett, Magistrate Judge. (0:14-cv-04003-PJG)

Submitted: February 24, 2017                    Decided:  May 10, 2017

Before TRAXLER and FLOYD, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Howard W. Anderson III, LAW OFFICE OF HOWARD W. ANDERSON III, LLC, Pendleton, South Carolina, for Appellant.  James Victor McDade, DOYLE, O'ROURKE, TATE & MCDADE, PA, Anderson, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adrian T. Eaglin appeals after a jury returned a verdict in favor of Sergeant McCall on his excessive force claim raised pursuant to 42 U.S.C. § 1983 (2012). Eaglin contends that the magistrate judge committed error during jury selection and in sealing the juror questionnaires.[*] We affirm the magistrate judge's judgment entered in favor of McCall, but vacate the magistrate judge's order overruling Eaglin's objections to the sealing of the questionnaires, and remand for further proceedings.

Eaglin contends that the magistrate judge erred in seating a jury of eight and not allowing him to reserve a peremptory challenge in order to seat a jury of nine. "[A] jury of six satisfies the Seventh Amendment's guarantee of trial by jury in civil cases." *Colgrove v. Battin*, 413 U.S. 149, 160 (1973). Additionally, Fed. R. Civ. P. 48(a) authorizes a jury of "at least 6 and no more than 12 members." A district court has broad discretion in managing the use of peremptory challenges. *See Alaska Rent-A-Car, Inc. v. Avis Budget Group, Inc.*, 738 F.3d 960, 967 (9th Cir. 2013); *In re Air Crash Disaster*, 86 F.3d 498, 519 (6th Cir. 1996). We discern no reversible error in how the magistrate judge conducted jury selection.

We next turn to the magistrate judge's order overruling Eaglin's pretrial objections to the sealing of the juror questionnaires, reviewing the magistrate judge's order de novo. *Doe v. Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014). Under the First Amendment and

_____

[*] Pursuant to 28 U.S.C. § 636(c) (2012), the parties consented to proceed before the magistrate judge.

3

common law, "court proceedings are presumptively open to public scrutiny." *Id.* at 265. "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that countervailing interests heavily outweigh the public interests in access." *Id.* at 265-66 (internal quotation marks omitted). Under the First Amendment, "access may be restricted only if closure is necessitated by a compelling government interest and the denial of access is narrowly tailored to serve that interest." *Id.* at 266 (internal quotation marks omitted). This presumption of access applies to written juror questionnaires. *See In re S.C. Press Ass'n*, 946 F.2d 1037, 1040-42 (4th Cir. 1991); *see also In re Access to Jury Questionnaires*, 37 A.3d 879, 886 (D.C. 2012) ("Every court that has decided the issue has treated jury questionnaires as part of the *voir dire* process and thus subject to the presumption of public access.").

Prior to sealing a document, "a district court [must] first determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." *Doe*, 749 F.3d at 266 (internal quotation marks omitted). Next, the district court "must determine whether a compelling governmental interest negates the public's presumptive right of access to these documents." *Id.* at 269. Here, the magistrate judge's text order overruling Eaglin's objection to the sealing of the questionnaires does not indicate that it conducted this inquiry and thus we are unable to engage in meaningful appellate review of the magistrate judge's order. Therefore, we vacate the magistrate judge's order overruling Eaglin's objections. But because this error

4

does not affect the fairness of Eaglin's trial, we do not disturb the jury's verdict. *See* Fed. R. Civ. P. 61.

Accordingly, we affirm the magistrate judge's judgment entered in favor of McCall. We vacate the magistrate judge's order overruling Eaglin's objections to the sealing of the juror questionnaires, and remand for further proceedings on this issue. We further deny Eaglin's motion for transcripts at government expense and grant the motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*